```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ALABAMA
                      NORTHEASTERN DIVISION
```

STEPHEN CHRISTOPHER HANSON and )
ELIZABETH ANNE HANSON, by and )
through their mother and )
next friend, CARLA GAY, )
                             )
       Plaintiffs, )
                             )
vs. ) CASE NO. CV-99-TMP-0349-NE
                             )
BEECHCRAFT AIRCRAFT )
CORPORATION, INC. and )
RAYTHEON AIRCRAFT COMPANY, )
                             )
       Defendants. )

## MEMORANDUM OPINION

This action is before the court on defendants Beech Aircraft Corporation and Raytheon Aircraft Company's (collectively "Raytheon") motion for summary judgment, filed November 8, 1999, and supported by depositions, documents, affidavits, and a brief. Plaintiff has offered no argument in opposition, but plaintiffs' counsel filed an affidavit of counsel describing the opinion of an expert witness who had been retained by plaintiffs. After considerable discovery was conducted, the plaintiffs' counsel filed a motion to withdraw and to dismiss the action without prejudice. The defendants opposed that motion and filed the instant motion for summary judgment.

A hearing was conducted on plaintiffs' motion, at which it became evident that discovery had uncovered facts detrimental to the plaintiffs' claims and that the case had progressed to the stage at which it was ripe for summary adjudication. The court granted plaintiffs' counsel's motion to withdraw and denied the motion for voluntary dismissal. In addition, the court gave the plaintiffs 60 days in which to obtain new counsel or otherwise to oppose the motion for summary judgment. Plaintiffs have failed to make any response, and more than 60 days have expired.

All parties have consented to the exercise of jurisdiction by the undersigned pursuant to 28 U.S.C. § 636(c). Having considered the pleadings and the evidence submitted by the defendants, the court finds that the unopposed motion for summary judgment is due to be granted.

## II. Undisputed Facts

The court accepts the defendant's version of essential facts relevant to the dispositive motion, which are supported by evidence and remain undisputed. Stephen D. Hanson, the plaintiffs' father, was killed on January 14, 1999, when the airplane he was piloting crashed near Cullman, Alabama. Hanson was flying a Beechcraft Model 300, which is a large twin-engine, fixed-wing plane. The

plane went down on Hanson's first flight in the Model 300, after he missed his approach on landing. The plaintiffs' counsel has filed an affidavit in which he states that an aviation expert hired by plaintiffs was of the opinion that one engine apparently stalled or malfunctioned. The crash killed Hanson and a passenger, his wife.

Hanson had received certificates from the FAA which allowed him to commercially pilot helicopters. He was not certified, and could not lawfully operate, any fixed-wing aircraft. In order for a pilot to be permitted by the Federal Aviation Administration to fly the Model 300, he or she must be rated to fly a multi-engine aircraft with instruments, and also must be specifically approved to fly the Model 300. As part of the process of becoming qualified to fly the Model 300, a pilot is tested for his ability to fly the plane with only one engine functioning.

After the crash, the National Transportation Safety Board, ("NTSB"), retrieved a flight bag from the plane which contained altered and "whited-out" certificates from the Federal Aviation Administration. Hanson had forged documents and misrepresented his military piloting experience in an effort to obtain certification for the Model 300. He had no flight experience on that aircraft and was not qualified to fly any aircraft other than a helicopter.

Had Hanson properly applied for his certification for the Model 300, he would have been tested and required to demonstrate that he knew how to fly a multi-engine airplane and how to handle the plane if one engine stopped functioning. On the day of the crash Hanson was flying in inclement weather, requiring him to navigate by instruments. He had filed an instrument flight plan using a false registration number for the aircraft and had falsely represented his aircraft as a Model 200, rather than the larger Model 300.

The plaintiffs, the minor children of Hanson, brought this lawsuit by and through their mother in the Circuit Court of Morgan County, Alabama, against Raytheon. The wrongful death claims were based on the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"), alleging that the aircraft was defective. The action was removed to this court on the basis of diversity jurisdiction. After considerable discovery was conducted, the plaintiffs filed a motion to dismiss the action without prejudice. That motion was denied, and the defendants filed the instant motion for summary judgment.

## II.  Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Celotex, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." Id. at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there

is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56(e)). When the nonmoving party does not respond, "summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e).

The nonmoving party may not merely rest on her pleadings. Celotex, 477 U.S. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

After the plaintiff has had the opportunity to respond to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to

determine whether there is a genuine issue for trial." Id. at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52; see also Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 745 n.11 (1983).

### III. Defendants' Motion for Summary Judgment

The defendants seek summary judgment on the following grounds: (1) the aircraft was not used in its usual and customary manner, (2) Hanson misused the product, (3) Hanson was negligent per se, (4) Hanson was contributorily negligent, (5) Hanson assumed the risk of a fatal accident, and (6) Hanson is barred from recovery because his conduct in obtaining forged authorization to fly the plane was criminal. Because the court finds that the plaintiffs' claims are barred by the negligence of Hanson, there is no need to examine the other defenses asserted by Raytheon.

### A. Negligence Per Se and Causation

It is undisputed that Hanson violated federal regulations concerning pilot competence and safety by flying an aircraft for

which he was neither qualified nor certified. Similar violations of federal law have been deemed to constitute negligence per se under Alabama law. See, e.g., Lowe v. General Motors Corp., 624 F.2d 1373, 1379 (5th Cir. 1980)[1]; Campbell v. General Motors Corp., 19 F. Supp. 2d 1260, 1274-75 (N.D. Ala. 1998)(holding that a violation of the National Traffic and Motor Vehicle Safety Act is evidence of negligence per se).

The defendants have demonstrated that the FAA regulations disregarded by Hanson were enacted to "assure safety" in air transportation. Similarly the defendants have shown that the regulations establish a minimum standard of safety, and that Hanson violated those standards. Having established that Hanson acted negligently in flying the plane, the final element defendants must show is whether Hanson's negligence proximately caused the accident. The defendants have shown that, if Hanson had been trained in accordance with the regulation, he would have been required to show his competence at flying a multi-engine airplane and would have been required to demonstrate his ability to land the plane even after one engine malfunctioned. It is undisputed that

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981 ), the Eleventh Circuit Court of Appeals adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

at least one engine on Hanson's plane was operating when the crash occurred.

Plaintiffs offer no evidence to rebut the defendants' showing that but for Hanson's failure to adequately train and prepare for handling the plane in such a situation, the plane could have been landed safely with only one operational engine.  Plaintiffs have offered no evidence that the plane was defective or that any cause other than the pilot's inexperience led to the fatal crash. Consequently, the defendants have shown proximate cause sufficient to establish negligence per se.  Consequently, the defendant is entitled to summary judgment on plaintiffs' AEMLD claims because Hanson's negligence was more likely than not the cause of the accident.[2]

### B.  Contributory Negligence

Hanson's negligence bars plaintiffs' claims for a separate, but related, reason.  It is well settled under Alabama law that contributory negligence is a complete defense to tort liability, including liability under the AEMLD.  See Hicks v. Commercial

---

[2] The proximate cause issue is fatal to plaintiffs in another way.  Without the requisite showing of causation, the plaintiffs cannot establish an essential element of their claim, and therefore cannot prevail .

Unions Ins. Co., 652 So. 2d 211, 219 (Ala. 1994). In the context of the AEMLD, a plaintiff can be contributorily negligent in handling a defective product when he fails to use reasonable care in the use of the product. See General Motors Corp. v. Saint, 646 So. 2d 564, 568 (Ala. 1994). In this case, it is clear that Hanson, as a helicopter pilot, appreciated the dangers of flying but failed to exercise reasonable care in handling the Raytheon aircraft. While Alabama courts have not addressed this precise question, the defendant cites cases from other jurisdictions in which a pilot's failure to exercise due care was deemed to be contributory negligence, barring recovery. See, e.g., Brooks v. United States, 695 F.2d 984 (5th Cir. 1983).

It is well established under Alabama law that any defense available against the deceased also is available against the representative of the deceased in a wrongful death action. This includes the defense of contributory negligence. Breed v. Atlanta B. & C. R.R., 241 Ala. 640, 4 So. 2d 315, 319 (Ala. 1941). Accordingly, Hanson's negligence bars the plaintiffs' claims just as it would bar a products liability claim by Hanson, had he survived. Consequently, the plaintiffs are barred from recovery under Alabama law because Hanson was contributorily negligent; therefore, there exists no genuine issue of material fact as to

plaintiffs' claims and defendants are entitled to summary judgment as a matter of law.

### IV. Conclusion

Accordingly, consistent with the foregoing discussion of the evidence presented by defendants in support of the motion for summary judgment, and in light of the plaintiffs' failure to present any evidence or to respond in any way in opposition to the motion, this court determines that defendants' motion for summary judgment against plaintiffs is due to be GRANTED and plaintiffs' claims are due to be DISMISSED WITH PREJUDICE.

A separate order will be entered in accordance with the findings set forth herein.

Dated the 11th day of April, 2000.

_____
T. MICHAEL PUTNAM
CHIEF MAGISTRATE JUDGE